```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

UNITED STATES OF AMERICA
                                          00 Cr. 91 (RWS)
    - against -
                                          OPINION
TIMOTHY MATTHEWS,

                    Defendant.

-------------------------------------X

A P P E A R A N C E S:

    Attorneys for the Government

    PRETTY BHARARA
    United States Attorney
    Southern District of New York
    The Silvio J. Mollo Building
    One Saint Andrew's Plaza
    New York, NY 10007
    By: Parvin Moyne, Esq.


    Pro Se

    TIMOTHY MATTHEWS
    232 Christian Avenue
    Stony Brook, NY 11790
```

**Sweet, D.J.**

In a letter to the Court dated October 27, 2013, Timothy Matthews ("Matthews"), defendant in the action Case No. 00 Cr 91 (RWS), has moved for a release or decrease from the restitution imposed in his sentencing on June 23, 2003. Based upon the conclusions set forth below, Matthews' motion is denied.

**Prior Proceedings**

Matthews was sentenced on June 23, 2003 for securities fraud to 41 months' imprisonment, followed by three years of supervised release and a $600 special assessment. Matthews and his co-defendants were also ordered to pay restitution in the amount of $1,973,309.

Matthews sent a letter dated October 27, 2013, seeking relief from restitution. Matthews writes that his wife would like to get a mortgage on her home to pay back some of her loans, but she needs Matthews to be a co-signor on the mortgage. Matthews, however, cannot be a co-signor on the mortgage because of the restitution judgment, and a judgment has been attached to the house. Matthews has asked the Court to release him from restitution or lower the amount to something he can afford so that

1

he can pay the restitution, and the judgment on the house can be lifted.

**Matthews' Motion Is Dismissed**

Matthews does not challenge the legality of the restitution, but rather seeks relief because of his inability to pay and the impact his inability has on his family's assets. The Mandatory Victims Restitution Act, 18 U.S.C. § 3663A (the "MVRA") applies to the offense at issue because Matthews' offenses were committed by fraud or deceit. See 18 U.S.C. § 3663A(c)(1)(A)(ii). The MVRA provides that the Court, in its order of restitution, "shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3663A(f)(1)(A). See United States v. Coriaty, 300 F.3d 244, 253 (2d Cir. 2002) (observing "the statutory focus on the victim's losses and upon making victims whole"). Under the terms of the statute, restitution is mandatory and must be imposed for the full amount of each victim's loss. Matthews cannot be relieved of the obligation to pay restitution.

2

## Conclusion

Based on the conclusions set forth above, Matthews' motion is denied.

It is so ordered.

New York, NY
April 29, 2014

_____
ROBERT W. SWEET
U.S.D.J.